```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/14/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
PT RAHAJASA MEDIA INTERNET,                                    :    24-CV-4643 (VEC)
                                                               :
                                   Plaintiff,                  :    OPINION & ORDER
                                                               :
                 -against-                                     :
                                                               :
Center for Provision and Management of                         :
Telecommunications and Informatics Financing,                  :
Directorate General of Post and Informatics,                   :
Ministry of Communication and Information,                     :
Republic of Indonesia ("BP3TI") formerly Office                :
for Rural Telecommunications and Informatics,                  :
Directorate General of Posts and                               :
Telecommunications, Ministry of Communication                  :
and Information of the Republic of Indonesia, aka,             :
BAKTI KOMINFO, Republic of Indonesia,                          :
Ministry of Communication and Information of the               :
Republic of Indonesia, Ministry of Finance,                    :
Republic of Indonesia, and Republic of Indonesia,              :
                                                               :
                                   Defendants.                 :
                                                               :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

PT Rahajasa Media Internet ("Rahajasa" or "Plaintiff") brings this action for recognition and enforcement of a foreign judgment pursuant to the Uniform Foreign Country Money Judgments Act, N.Y. C.P.L.R. §§ 5300 *et seq.*, against the Republic of Indonesia and several agencies and subdivisions thereof (collectively, "Defendants"). Rahajasa is an internet service provider that entered into agreements with the Center for Provision and Management of Telecommunications and Informatics Financing, Directorate General of Post and Informatics, Ministry of Communication and Information, Republic of Indonesia ("BAKTI") to provide high-speed internet access in Indonesia. Rahajasa claimed that Defendants refused to pay for work it

completed, and the parties participated in arbitration proceedings that resulted in an award in favor of Rahajasa. It brings this action to recognize the arbitration award, which was confirmed through an Indonesian court judgment. Defendants moved to dismiss on jurisdictional and venue grounds, as well as for failure to state a claim. Because the Court lacks subject matter jurisdiction, Defendants' motion to dismiss is GRANTED.

## BACKGROUND[1]

Rahajasa is an Indonesian company domiciled in Indonesia. Am. Compl., Dkt. 7, ¶ 2. It provides fiber optic internet service to residential and commercial properties in Indonesia. *Id.* On November 12, 2010, Rahajasa submitted a job tender for a government contract to provide mobile internet access in Indonesia. *Id.* ¶ 7. It then made several other tenders for projects that resulted in five contracts with BAKTI to provide internet access through Indonesia. *Id.* ¶ 8. Each agreement contemplated a pre-operational work stage and an operational stage. *Id.* ¶ 11. On February 12, 2014, after Rahajasa had completed the pre-operational requirements, it received a letter from Defendants indicating it would not be paid for the work it had done until the Indonesian Parliament approved the budget. *Id.* ¶¶ 13–15. The parties ultimately submitted the payment dispute to arbitration through BANI, the Indonesian National Board of Arbitration. *Id.* ¶¶ 16–21.

On July 27, 2017, the arbitrator issued an award in Rahajasa's favor and ordered Defendants to pay it the equivalent of $16,948,937.28. *Id.* ¶¶ 23, 28. As required by Indonesian law and the BANI arbitration rules, on August 15, 2017, the award was registered with the South Jakarta District Court. *Id.* ¶ 24. Defendants never paid the award. *Id.* ¶ 25. Rahajasa's director

---

[1] For the purposes of this motion, the well-pled facts as alleged in the Amended Complaint are assumed to be true. *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012).

applied for an order of execution; the South Jakarta District Court has never acted on that request. *Id.* ¶ 25. In 2019, Rahajasa entered bankruptcy, and its assets were placed into receivership. *Id.* ¶ 26. On June 13, 2022, Rahajasa again applied for a writ of execution on its judgment, which the South Jakarta District Court granted on September 14, 2022. *Id.* ¶ 27.

On June 18, 2024, this action was filed. *See* Compl., Dkt. 1. After Plaintiff amended the Complaint, Defendants moved to dismiss on the grounds of improper venue, lack of subject matter and personal jurisdiction, standing, and failure to state a claim. *See* Def. Mem., Dkt. 16.

## DISCUSSION

### I. Standard of Review

Plaintiff bears the burden of proving that subject matter jurisdiction exists. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). To decide a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all factual allegations, "draw all reasonable inferences in favor of plaintiff[,]" and "may consider evidence outside the pleadings." *Id.* (citations omitted).

### II. The Court Lacks Subject Matter Jurisdiction

Under the Foreign Sovereign Immunities Act ("FSIA"), foreign states are immune from district court jurisdiction, subject to certain exceptions that provide "the sole basis for obtaining jurisdiction over a foreign state" in a United States court. *Swarna v. Al–Awadi,* 622 F.3d 123, 143 (2d Cir. 2010); *see also* 28 U.S.C. § 1604. The FSIA provides district courts with original jurisdiction over "any nonjury civil action against a foreign state" raising "any claim for relief in personam with respect to which the foreign state[2] is not entitled to immunity." 28 U.S.C. §

---

[2] A "foreign state" includes a political subdivision, agency, or instrumentality of a foreign state like BAKTI. 28 U.S.C. § 1603(a).

1330(a). As relevant to Plaintiff's claim, a foreign state is not immune from jurisdiction if: (1) it "has waived its immunity either explicitly or by implication;" or (2) the action is based "upon an act outside the territory of the United States in connection with a commercial activity[3] of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(1)–(2); *see also Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 134 (2d Cir. 2022) (citing 28 U.S.C. § 1605(a)(2)).

### A. Defendants Neither Explicitly Nor Implicitly Waived Immunity

Plaintiff's claim that the Court has subject matter jurisdiction due to Defendants' explicit or implicit waiver of immunity is wholly conclusory. *See* Am. Compl. ¶ 4. Beyond a bare reference to Section 1605(a)(1) in the Amended Complaint, Plaintiff neither alleges any facts nor raises any argument in its opposition papers to support its assertion that Defendants waived immunity. *See id.*; Pl. Mem., Dkt. 21, at 3–4. The parties' arbitration agreement contains no sovereign immunity waiver, *see* Am. Compl., Ex. A, Dkt. 7-1, and Plaintiff has not alleged any facts sufficient to carry its burden to make a *prima facie* showing that Defendants explicitly waived sovereign immunity.

It is well settled that "the implied waiver provision of Section 1605(a)(1) must be construed narrowly." *Smith v. Socialist People's Libyan Arab Jamahiriya*, 101 F.3d 239, 243 (2d Cir. 1996) (quoting *Shapiro v. Republic of Bolivia,* 930 F.2d 1013, 1017 (2d Cir. 1991)). Courts have found implicit waivers where: (1) "a foreign state has agreed to arbitration in another country;" (2) "where a foreign state has agreed that the law of a particular country should govern a contract;" and (3) "where a foreign state has filed a responsive pleading in an action without

---

[3] "Commercial activity" is defined as "either a regular course of commercial conduct or a particular commercial transaction or act." 28 U.S.C. § 1603(d).

raising the defense of sovereign immunity." *Shapiro,* 930 F.2d at 1017.  Plaintiff's allegation that BAKTI submitted to arbitration in its *own* country does not demonstrate implicit waiver.  Am. Compl. ¶ 21.[4]

### B. The "Commercial Activity" Exception Does Not Apply

To invoke the "commercial activity" exception to sovereign immunity pursuant to Section 1605(a)(2), Plaintiff must establish that: (1) Defendants "engaged in 'a commercial activity;'" (2) "'the action is based upon' that activity;" and (3) "that activity 'cause[d] a direct effect in the United States.'"  *Daou*, 42 F.4th at 134 (quoting 28 U.S.C. § 1605(a)(2)).  Defendants do not contest that they engaged in "commercial activity" as defined under the FSIA.

Although the Amended Complaint is not a model of clarity, Plaintiff has sufficiently alleged that this action is based upon Defendants' commercial activity.  "[A]n action is 'based upon' the 'particular conduct' that constitutes the 'gravamen' of the suit."  *Id.* (quoting *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 35 (2015)).  Defendants correctly observe that the Amended Complaint's allegations that pertain specifically to jurisdiction tend to focus on Defendants' banking activities in this District, and that activity is not the gravamen of Plaintiff's suit.  *See* Def. Mem. at 14 (citing Am. Compl. ¶¶ 5–6).  Plaintiff further alleges certain

---

[4] At least one Court in this District has interpreted Second Circuit precedent as holding "that where a foreign state enters into a contract which contains an arbitration clause, and subsequently submits to an arbitration in which an award is issued against one party, the state is deemed to have waived its immunity as to an enforcement lawsuit based on that award."  *Kern v. Oesterreichische Elektrizitaetswirtschaft Ag*, 178 F. Supp. 2d 367, 374 (S.D.N.Y. 2001) (citing *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 578–79 (2d Cir. 1993), *as amended* (May 25, 1993)).  But in *Seetransport*, an instrumentality of Romania submitted to an arbitration before the Court of Arbitration of the International Chamber of Commerce in France applying French law.  989 F.2d at 574, 578.  The private counterparty brought an enforcement action "pursuant to the 'Convention on the Recognition and Enforcement of Arbitral Awards' (the 'Convention'), 9 U.S.C. §§ 201–208, to which Romania, France and the United States are all signatories."  *Id.* at 578.  Thus, the implied waiver was based on the foreign state's submission to arbitration in another country and buttressed by the finding that the foreign state must have contemplated enforcement actions in other countries that signed the Convention.  *Id.*  None of those factors is present here.

transactions that could be construed as "commercial activity" under the FSIA. BAKTI allegedly entered five commercial agreements with Rahajasa to provide mobile internet access in Indonesia. Am. Compl. ¶¶ 7–9. Plaintiff seeks recognition and enforcement of a foreign judgment arising from Defendants' breach of those agreements. *Id.* ¶¶ 22–23, 27, 31–37. Because there is a "significant nexus" between the agreements Plaintiff entered with BAKTI and Plaintiff's claim in this action "that is considerably greater than common law causation requirements," Plaintiff has adequately alleged that its claim is based upon commercial activity engaged in by Defendants. *Kensington Int'l Ltd. v. Itoua*, 505 F.3d 147, 155 (2d Cir. 2007) (citations omitted).

      Plaintiff, however, fails to allege that Defendants' commercial activity caused a direct effect in the United States. A direct effect "follows as an immediate consequence of the defendant's activity." *Daou*, 42 F.4th at 135 (quoting *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 618 (1992)). To establish a direct effect in the United States, Plaintiff relies on allegations that BAKTI invests revenue earned from the internet access program with a bank in this District. Am. Compl. ¶¶ 6, 9; Pl. Mem. at 4. But a "contract's designated place of performance" or "place of payment" is the place where the direct effect of the commercial activity is felt. *Daou*, 42 F.4th at 135–36. Plaintiff's claims sound in contract, and the Amended Complaint makes clear that this is a dispute entirely localized to Indonesia — the place where Plaintiff performed under the contract, the place where Defendants refused to pay, and the place where the parties arbitrated the payment dispute. Am. Compl. ¶¶ 7–9, 13–15, 21–23. That Defendants invested funds in the United States that were earned from Plaintiff's efforts is far too attenuated a connection to the United States for Defendants' commercial activity to have a direct effect here. *See Guirlando v. T.C. Ziraat Bankasi A.S.*, 602 F.3d 69, 75 (2d Cir. 2010) (noting a

direct effect "has no intervening element, but, rather, flows in a straight line without deviation or interruption" (citation omitted)).

Accordingly, Defendants' motion to dismiss is GRANTED for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. It is proper for a district court to deny leave to amend "when amendment would be futile." *Stegemann v. United States*, 132 F.4th 206, 210 (2d Cir. 2025) (citation omitted). Leave to amend would be futile, as the Court cannot exercise subject matter jurisdiction over this dispute between an Indonesian company and the Republic of Indonesia concerning commercial activity that took place in Indonesia. This action is, therefore, dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 15 and to close the case.

**SO ORDERED.**

Date: July 14, 2025
New York, New York

**VALERIE CAPRONI**
**United States District Judge**