USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                          :     24-CV-4643 (VEC)

PT RAHAJASA MEDIA INTERNET,

                                      Plaintiff,                 MEMORANDUM
                                                            OPINION AND ORDER

                      -against-

Center for Provision and Management of
Telecommunications and Informatics Financing,
Directorate General of Post and Informatics,
Ministry of Communication and Information,
Republic of Indonesia ("BP3TI") formerly Office
for Rural Telecommunications and Informatics,
Directorate General of Posts and
Telecommunications, Ministry of Communication
and Information of the Republic of Indonesia, aka,
BAKTI KOMINFO, Republic of Indonesia,
Ministry of Communication and Information of the
Republic of Indonesia, Ministry of Finance,
Republic of Indonesia, and Republic of Indonesia,

                                      Defendants.
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

       On July 14, 2025, the Court dismissed this action with prejudice for lack of subject matter jurisdiction, *see* Opinion & Order, Dkt. 36 ("Opinion"), because neither of the exceptions to the Foreign Sovereign Immunities Act ("FSIA") on which Plaintiff relied was applicable. Opinion at 3–7. The Court held that Plaintiff failed to allege that Defendants' commercial activity caused a direct effect in the United States; the dispute was "entirely localized to Indonesia — the place where Plaintiff performed under the contract, the place where Defendants refused to pay, and the place where the parties arbitrated the payment dispute." Opinion at 6 (citing Am. Compl., Dkt. 7, ¶¶ 7–9, 13–15, 21–23). Specifically, the Court held that Defendants'

investment of funds in the United States that were earned from Plaintiff's efforts in Indonesia was too attenuated from the commercial activity at issue to establish a direct effect in the United States as required by FSIA. *Id.* at 6–7.

On August 11, 2025, Plaintiff moved for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See* Def. Mem., Dkt. 38-1. "It is well-settled that Rule 59 is not a vehicle for relitigating old issues." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (citation omitted). Unless the moving party can point to controlling decisions or data that the court overlooked, reconsideration is not appropriate. *Id.*

Plaintiff urges the Court to consider again the argument it already rejected — namely, that Defendants satisfied the commercial activity exception of FSIA because they invested money that was contractually due to Plaintiff in New York bank accounts. Plaintiff argues that investment represents "an immediate consequence of the defendant's activity," Def. Mem. at 3 (quoting *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 618 (1992)), satisfying FSIA.

As the Court previously held, the Amended Complaint does not allege that Defendants' investment of funds in New York "flows in a straight line without deviation or interruption" from its contractual activity with Plaintiff. Opinion at 7 (quoting *Guirlando v. T.C. Ziraat Bankasi A.S.*, 602 F.3d 69, 75 (2d Cir. 2010) (citation omitted)). Lacking that sort of allegation, Plaintiff failed to plead that Defendants' commercial activity has a direct effect in the United States. *See* Opinion at 6–7.

Plaintiff's newfound reliance on *CC/Devas (Mauritius) Ltd. v. Antrix Corp.*, 145 S. Ct. 1572, 1579–80 (2025) ("*Devas*"), is misplaced. *See* Def. Mem. at 3–4. In *Devas*, the Supreme Court held that the FSIA does not require a "minimum contacts" analysis for personal

jurisdiction beyond "the contacts already required by the Act's enumerated exceptions to foreign sovereign immunity." 145 S. Ct. at 1579. Minimum contacts for personal jurisdiction purposes is satisfied if the district court has subject matter jurisdiction under an exception to sovereign immunity and proper service has been effected. *Id.* (citing 28 U.S.C. § 1330(b)). In reaching that conclusion, the Supreme Court observed that Congress did not dispose "altogether with proof of contact between the foreign state and the United States," reasoning that several of the exceptions to immunity under the FSIA "require varying degrees of suit-related domestic contact before a case may proceed." *Id.* at 1580. One example of "suit-related domestic contact" is the exception at issue here: the "'commercial activity of the foreign state elsewhere' that 'causes a direct effect in the United States.'" *Id.* (quoting 28 U.S.C. § 1605(a)(2)). The Supreme Court noted that, to the extent the exception also satisfies the minimum contacts analysis, "it is only because the exceptions Congress wrote happen to meet that standard, not because § 1330(b) secretly incorporated our jurisdictional due-process cases." *Id.*

Plaintiff interprets the above *dicta* from *Devas* for the inverse notion that if there are minimum contacts that would satisfy a personal jurisdiction analysis, those contacts also necessarily satisfy the FSIA commercial activity exception. Def. Mem. at 3–4. That is not what *Devas* holds. Instead, while satisfaction of the exception may also satisfy the minimum contacts test, the text of Section 1605(a)(2) requires a "direct effect" inside the United States, 28 U.S.C. § 1605(a)(2); that is a more demanding standard than minimum contacts.

For those reasons, Plaintiff's motion for reconsideration is DENIED. The motion points to no controlling law that the Court overlooked. *Analytical Survs.*, 684 F.3d at 52.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 38.

**SO ORDERED.**

Date:   August 19, 2025
        New York, New York

                                          **VALERIE CAPRONI**
                                          **United States District Judge**